ORIGINAL FILED

**WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
John D. van Loben Sels  (SBN 201354)
jvanlobensels@whgclaw.com
Diane M. Barker (SBN 245779)
dianebarker@whgclaw.com
2570 West El Camino Real, Suite 440
Mountain View, CA 94040
Tel: (650) 209-1230
Fax: (650) 209-1231

2011 JUL 12  P 3: 06

ADR

*Attorney for Plaintiff*
*Don Bernard*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

DON BERNARD, an individual,

                Plaintiff,

vs.

DOES 1-5, individuals,

                Defendants.

Case No. CV11-03414 PSG

**COMPLAINT FOR:**

1. **FALSE ADVERTISING**
   **[Section 43(a) of the Lanham Act,**
   **15 U.S.C. § 1125(a)]**

2. **DEFAMATION**
   **[California Common Law]**

3. **INTENTIONAL INTERFERENCE**
   **WITH PROSPECTIVE**
   **ECONOMIC ADVANTAGE**
   **[California Common Law]**

**DEMAND FOR JURY TRIAL**

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES AND PUNITIVE DAMAGES

1. This is an action by Don Bernard ("Plaintiff"), to recover damages for the malicious actions of anonymous writers/publishers of a blog post and comments to Internet web pages (Does 1-5 inclusive, collectively referred to herein as "Defendants"). The outrageous, defamatory, and false accusations are causing irreparable damage to Plaintiff's reputation and impinging on his ability to conduct business as an independent consultant. The Plaintiff brings this action on the basis of false advertising, defamation, and intentional interference with

- 1 -

COMPLAINT

**BY FAX**

prospective economic advantage and alleges as follows:

**PARTIES**

2.  Plaintiff Don Bernard is an individual residing in the state of Montana, doing business as in independent business consultant both nationally and internationally.  Plaintiff has an excellent reputation in the energy/power and hunting/fishing industries and has been an independent business consultant for over twenty years.  As an independent consultant, the success of Plaintiff's business depends in part on the strength of his reputation.

3.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 5 are unknown to Plaintiff, because Defendants are and yet remain "anonymous," unidentified users of the Internet.  Plaintiff therefore sues Defendants by fictitious names.  Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a fictitiously named Defendant is responsible in some manner for the acts and events alleged in the Complaint and for proximately causing the injuries to Plaintiff alleged in the Complaint.  If necessary, Plaintiff will seek leave of court to amend this Complaint to state their true names and capacities when ascertained.

**JURISDICTION AND VENUE**
**Subject Matter Jurisdiction**

4.  The First Claim for Relief relates to false description or representation (false advertising) and arises under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1125. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331.

5.  This Court also has subject matter jurisdiction over this matter based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

6.  This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are based on the same

- 2 -

1 operative facts, and the Court's exercise of jurisdiction over the pendant state law claims will

2 promote judicial economy, convenience, and fairness to the parties.

3 **Personal Jurisdiction**

4     7. This court has personal jurisdiction over the Defendant because, Plaintiff is informed

5 and believes, and on that basis alleges, that the Defendant has conducted business in this District

6 sufficient to subject it to personal jurisdiction in California and in this court.

7     8. Additionally, Plaintiff is informed and believes, and on that basis alleges, that the

8 Defendant has committed acts that avail themselves of California law and that caused injury to

9 persons in California, sufficient to subject it to personal jurisdiction in California.

10 **Venue**

11     9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

12 **GENERAL FACTS**

13     10. Plaintiff is informed and believes that Defendants have engaged in an Internet

14 campaign to disparage him with false and malicious statements and cause damage to his

15 reputation.

16     11. In or about October 2010, Defendants, using Blogger profile number

17 07477970712357459080, published or caused to be published the blog "Donald Ray Bernard,

18 Glacial Energy, Gemico Mining" (available at http://drbblog1.blogspot.com/). That blog

19 contained false and defamatory statements that Plaintiff had been convicted of violating certain

20 Texas Rules of Professional Conduct.

21     12. On or around January 2011, on the website complaintsboard.com, Defendants left

22 additional false and defamatory statements about Plaintiff, including claims that Plaintiff had been

23 disbarred and convicted in Texas.

24

- 3 -

1    13. On February 7, 2011, Defendants posted a comment on the website

2  "pissedconsumer.com" including false and defamatory claims that Plaintiff had been disbarred and

3  found guilty of fraud.

4    14. On or around May 2011, Plaintiff became aware that Defendants had opened an email

5  account under the name "DonBernard" at gmx.com for the purpose of sending emails that

6  purportedly originated from Plaintiff.

7    15. The Blog and the Comments were published, or caused to be published, by Defendants

8  on web pages accessible to the public through the Internet.

9    16. The Blog and Comments are false and defamatory.  Plaintiff has not been convicted of

10  violations of the Texas Disciplinary Rules of Professional Conduct nor of fraud, and Plaintiff was

11  not disbarred in the state of Texas.

12    17. The Blog and Comments have damaged and will continue to damage Plaintiff's

13  reputation and business relationship with Plaintiff's business associates.

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT

## FIRST CAUSE OF ACTION
### False Advertising
### [Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)]

18. Plaintiff realleges and incorporates the allegations in paragraphs 1 to 17 above as though fully set forth herein.

19. Defendants have made false and misleading statements of fact about Plaintiff and Plaintiff's business practices.

20. The false and misleading statements of fact about Plaintiff and Plaintiff's business practices are both literally false, and impliedly false.

21. The false and misleading statements have deceived a substantial segment of the intended audience, namely, members of the general public and business associates of Plaintiff.

22. Members of the general public and business associates of Plaintiff have relied on the statements of Defendants in their decision whether or not to engage Plaintiff's services.

23. Defendants have placed their false and misleading statements into interstate commerce.

24. Plaintiff was injured due to the false advertising of Defendants as described herein in an amount to conform to proof at the time of trial.

25. As a direct and proximate result of Defendants' acts of false advertising, Plaintiff has been and continues to be injured in his business and property and has sustained and will continue to sustain substantial damage to his business, goodwill, reputation, and profits in an amount not presently known.

## SECOND CAUSE OF ACTION
### Defamation
### [California Common Law]

26. Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 25, inclusive.

- 5 -

COMPLAINT

27. .By posting the Blog and Comments on the Internet, Defendants published or caused to be published the Blog and Comments to at least one third party, and made the Blog and Comments available to Internet users.

28. The Blog and Comments are, and at all relevant times were, false and defamatory, and defamatory on their face as they apply to Plaintiff.

29. The Blog and Comments are, and at all relevant times were, of a matter and character that have the tendency to injure Plaintiff's reputation.

30. The Blog and Comments are not and were not privileged.

31. On information and belief, Defendants published or caused to be published the Blog and Comments either with the knowledge that they were false, or with conscious disregard for the truth.

32. By the acts alleged herein, Defendants acted with malice and intentionally caused damage to Plaintiff.

33. As a proximate result of Defendants publication of the Blog and Comments, Plaintiff has suffered loss to his trade, business and reputation, all contributing to Plaintiff's general and special damages.

### THIRD CAUSE OF ACTION
**Intentional Interference with Prospective Economic Advantage**
**[California Common Law]**

34. Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 33, inclusive.

35. Plaintiff had a prospective business advantage and a strong probability of future economic benefit from potential customers and business associates when Defendants distributed the false statements to them.

- 6 -

1     36. Defendants interfered with Plaintiff's relationships with his customers and business

2 associates by publishing the false statements to Plaintiff's customers and business associates and

3 injuring Plaintiff's relations with those customers and business associates.

4     37. In publishing the False Statements to Plaintiffs' customers and business associates,

5 Defendants engaged in wrongful conduct. In doing this, Defendants knew that the persons to

6 whom they published the False Statements were customers and business associates of Plaintiff.

7 Defendants intended to interfere with Plaintiff's relations with its existing customers and with

8 Plaintiff's prospective business advantage.

9     38. Defendants willfully and deliberately committed the wrongful acts alleged herein with

10 the intent to harm Plaintiff financially and to induce Plaintiff's prospective customers and business

11 associates to sever their present and prospective business relations with Plaintiff.

12     39. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered

13 injury and damage to its business and goodwill in an amount to conform to proof at trial.

14 **PRAYER FOR RELIEF**

15 WHEREFORE, Plaintiffs pray for judgment against Defendants Does 1-5, inclusive, as follows:

16     A. For judgment in favor of Plaintiff, and against Defendants, for general and special

17 damages in such amounts as may be proven at trial;

18     B. For judgment against Defendants for Plaintiff's costs of suit, including Plaintiff's

19 reasonable attorneys' fees; and

20     C. For such other relief as the Court may deem just and proper.

21 **DATED: July 12, 2011**                  **WANG, HARTMANN, GIBBS & CAULEY**

22

23                                     By: John D. van Loben Sels
                                    *Attorneys for Plaintiff*
                                    *Don Bernard*

24

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues for which a jury trial is available.

Respectfully Submitted,

DATED: July 12, 2011

WANG, HARTMANN, GIBBS & CAULEY

By: John D. van Loben Sels
*Attorneys for Plaintiff*
*Don Bernard*
WANG, HARTMANN, GIBBS & CAULEY P.L.C.
A Professional Law Corporation

John D. van Loben Sels  (SBN 201354)
jvanlobensels@whgclaw.com
2570 W. El Camino Real, Suite 440
Mountain View, CA  94040
Telephone:  (650) 209-1230
Facsimile:  (650) 209-1231

- 8 -

COMPLAINT