**United States District Court**
For the Northern District of California

1

2

3

4                                                                **E-FILED on '31434**

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

| | |
|---|---|
| 12  DON BERNARD, an individual, | No. 11-cv-03414-RMW |
| 13            Plaintiff, | |
| 14       v. | ORDER DENYING MOTION TO STRIKE AND REQUESTING ADDITIONAL BRIEFING ON MOTION TO DISMISS |
| 15  ROBERT DONAT, DOES 1-5, individuals, | |
| 16            Defendants. | **[Re Docket Nos. 13, 21]** |
| 17 | |

18          Defendant Robert Donat ("defendant"), proceeding *pro se*, moves to dismiss plaintiff Don

19  Bernard's ("plaintiff") First Amended Complaint ("FAC") under Fed. R. Civ. P. 12(b)(1), 12(b)(2),

20  and 12(b)(6).  Plaintiff moves to strike defendant's reply brief in its entirety.  The court finds the

21  instant motions appropriate for resolution without oral argument, and VACATES the motion hearing

22  set for January 6, 2012.  For the reasons below, the motion to strike is DENIED.  Plaintiff is given

23  ten days from the date of this order to respond to the arguments raised in defendant's reply brief.

24  After plaintiff has filed a response, the court will determine whether it can properly assert

25  jurisdiction over this case.

26

27

28

ORDER DENYING MOTION TO STRIKE AND REQUESTING ADDITIONAL BRIEFING ON MOTION TO DISMISS
No. 11-cv-03414-RMW
EDM

**United States District Court**
For the Northern District of California

1

## I. BACKGROUND

2  **A.      Factual Allegations**

3          Plaintiff is an independent business consultant in the "energy/power and hunting/fishing

4  industries" who resides in the state of Montana.  FAC ¶ 2.  Defendant is also a Montana resident.  *Id.*

5  ¶ 3.

6          In or about October 2010, defendant published the blog "Donald Ray Bernad, Glacial

7  Energy, Gemico Mining" (the "Blog") through the website blogspot.com.  FAC ¶ 12.  The Blog

8  contained statements indicating that plaintiff, who is apparently also an attorney, had been convicted

9  of violating certain Texas Rules of Professional Conduct.  *Id.*  In early 2011, defendant posted

10  comments on two additional websites, complaintsboard.com and pissedconsumer.com, stating that

11  plaintiff had been found guilty of fraud in Texas.  *Id.* ¶¶ 13-14.  Plaintiff alleges that defendant's

12  statements are false and defamatory, and that he "resigned in lieu of discipline from the State Bar of

13  Texas."  *Id.* ¶ 18.

14          On June 27, 2011, plaintiff was named in a lawsuit filed in the U.S. District Court for the

15  Northern District of Texas alleging RICO violations and other Texas state law claims (the "Texas

16  Matter").  *Id.* ¶ 20.  Subsequently, defendant allegedly sent "numerous emails" regarding the Texas

17  Matter to business associates of plaintiff "in an attempt to damage plaintiff's business relationships."

18  *Id.* ¶ 21.  In addition, defendant uploaded documents related to the Texas Matter to the Internet

19  document repository scribd.com under the user name "evildragonslayer9."  *Id.* ¶ 23.  According to

20  the FAC, defendant's conduct is part of an "Internet campaign to disparage [plaintiff] with false and

21  malicious statements and cause damage to his reputation."  *Id.* ¶ 11.

22  **B.      Procedural Background and Jurisdictional Allegations**

23          On October 18, 2011, plaintiff filed a FAC in this court asserting claims for False

24  Advertising under the Lanham Act, 15, U.S.C. § 1125(a), defamation and intentional interference

25  with prospective economic advantage.  The FAC alleges that subject matter jurisdiction is proper on

26  diversity grounds, and because the Lanham Act claim presents a federal question giving rise to

27  supplemental jurisdiction over the pendent state law claims.  FAC ¶¶ 5-7.  The FAC further alleges

28

ORDER DENYING MOTION TO STRIKE AND REQUESTING ADDITIONAL BRIEFING ON MOTION TO DISMISS
No. 11-cv-03414-RMW
EDM                                                                2

**United States District Court**
For the Northern District of California

1  that this court can assert personal jurisdiction over defendant because he has "conducted business in

2  this District" and "committed acts that avail [himself] of California law." *Id.* ¶ 8-9.

3       On November 2, 2011, defendant, who is *pro se*, filed a motion to dismiss. While the motion

4  is primarily dedicated to criticisms of plaintiff's conduct, defendant also challenges the allegations

5  regarding personal jurisdiction, arguing that he has never conducted business in California.

6  Furthermore, he contends that because both parties are Montana residents, subject matter jurisdiction

7  is not proper on diversity grounds. Defendant additionally requests that plaintiff be sanctioned for

8  filing this action in the Northern District of California despite knowing that defendant lives in

9  Montana.

10      In his opposition motion, plaintiff abandons his allegation that defendant has conducted

11 business in California and argues instead that defendant consented to personal jurisdiction in this

12 district because the terms of service of blogspot.com and scribd.com contain forum-selection clauses

13 requiring litigation "arising" from the use of either service to be brought in Santa Clara County,

14 California. *See* Dkt. No. 15 at 3. Plaintiff reasserts the claim that subject matter jurisdiction is

15 proper based on the Lanham Act claim, and later notes that his allegations regarding diversity

16 jurisdiction are a mistake. *See* Dkt. No. 21 at 5 n.3.

17      On November 30, 2011, defendant filed a reply asserting additional grounds for dismissal,

18 including a challenge to the sufficiency of plaintiff's Lanham Act and defamation claims under Rule

19 12(b)(6), and what appears to be an invocation of California's Anti-SLAPP provisions. *See* Dkt. No.

20 20. Defendant also denies consenting to personal jurisdiction in California, arguing that the venue

21 "selection clauses contained within the Terms of Use in the website[s] are only for disputes between

22 users of the websites and the websites themselves, not third party actions." *Id.* at 8.

23      On December 2, 2011, plaintiff moved to strike defendant's reply in its entirety because: (1)

24 it was filed two days late under Civil Local Rule 7-3; (2) it raises new arguments not included in the

25 motion to dismiss, and (3) both the motion to dismiss and reply brief are "rife with scandalous

26 material." *See* Dkt. No. 21. In response, defendant indicated that he had believed in good faith that

27 his reply was timely filed, that the timing of his filing was complicated because he has not yet been

28 granted permission to use PACER, and that he filed his brief "within two hours of being notified of

1 the local rules by plaintiff's lawyer." Dkt. No. 24 at 4. Defendant also argues that he should be

2 allowed to raise additional arguments in his reply brief because plaintiff included the allegation that

3 defendant consented to personal jurisdiction for the first time in his opposition brief.

4

5 **II. DISCUSSION**

6   Pro se pleadings "must be held to less stringent standards than formal pleadings drafted by

7 lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Leniency towards pro se litigants is

8 particularly warranted in evaluating compliance with the technical rules of civil procedure. *Draper*

9 *v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

10   Here, it appears that defendant intended in good faith to comply with the Civil Local Rules.

11 Furthermore, as plaintiff concedes, only pleadings are technically subject to motions to strike. *See*

12 *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Although plaintiff cites a

13 District of Nevada case in which an opposition to a motion to dismiss was stricken as untimely, that

14 case is distinguishable because the filing party was represented by counsel and offered no excuse for

15 the untimely submission. *See Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988). The

16 court therefore DENIES plaintiff's motion to strike defendant's reply brief.

17   However, the court agrees with plaintiff that consideration of arguments raised for the first

18 time on reply would prejudice plaintiff if he is not given an opportunity to respond. *See Cal.*

19 *Writer's Club v. Sonders*, No. C-11-02566, 2011 U.S. Dist. LEXIS 113699 (N.D. Cal. Oct. 3, 2011)

20 (considering reply brief filed seven weeks late by pro se defendant after finding that plaintiff would

21 not be prejudiced). Therefore, the court will give plaintiff ten days from the date of this order to file

22 a sur-reply responding to the arguments raised in defendant's motion. Once plaintiff has had an

23 opportunity to respond, the court will consider whether personal and subject matter jurisdiction are

24 proper in this case, as well as whether any exhibits attached to the parties' motions can be

25 considered on a motion to dismiss.

26   Finally, the court DENIES defendant's request for sanctions. In addition to the fact that

27 defendant did not comply with the requirements of Fed. R. Civ. P. 11, plaintiff's admittedly

28

ORDER DENYING MOTION TO STRIKE AND REQUESTING ADDITIONAL BRIEFING ON MOTION TO DISMISS
No. 11-cv-03414-RMW
EDM         4

*(left margin, vertical text)* **United States District Court** For the Northern District of California

1   erroneous assertion of diversity jurisdiction does not justify an imposition of sanctions at this time,

2   particularly where there may be other grounds for federal jurisdiction.

3

4                                          **III. ORDER**

5          For the foregoing reasons, the court DENIES plaintiff's motion to strike defendant's reply

6   brief.  Plaintiff has ten days from the date of this order to file a sur-reply.  The motion hearing set for

7   January 6, 2012 is VACATED.

8

9

10  DATED:              January 2, 2012                  _____

11                                                       RONALD M. WHYTE
                                                         United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING MOTION TO STRIKE AND REQUESTING ADDITIONAL BRIEFING ON MOTION TO DISMISS
No. 11-cv-03414-RMW
EDM                                              5

**United States District Court**
For the Northern District of California