E-FILED on    2/16/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DON BERNARD, an individual,<br><br>       Plaintiff,<br><br>   v.<br><br>ROBERT DONAT, DOES 1-5, individuals,<br><br>       Defendants. | No. 11-cv-03414-RMW<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE<br><br>**[Re Docket Nos. 13, 21]** |

Defendant Robert Donat ("defendant"), proceeding *pro se*, moves to dismiss plaintiff Don Bernard's ("plaintiff") First Amended Complaint ("FAC") alleging claims for "false advertising" under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), defamation and intentional interference with prospective economic advantage.  Having considered the parties' moving papers, the court finds that the FAC fails to state a claim under the Lanham Act and therefore does not present a federal question upon which subject-matter jurisdiction can be based.  Accordingly, the court grants the motion to dismiss without prejudice.

United States District Court
For the Northern District of California

# I. BACKGROUND

Plaintiff is an independent business consultant in the "energy/power and hunting/fishing industries" who resides in the state of Montana. FAC ¶ 2. Defendant is also a Montana resident. *Id.* ¶ 3.

In or about October 2010, defendant published the blog "Donald Ray Bernard, Glacial Energy, Gemico Mining" (the "Blog") through the website blogspot.com. FAC ¶ 12. The Blog contained statements indicating that plaintiff, who is apparently also an attorney, had been convicted of violating certain Texas Rules of Professional Conduct. *Id.* In early 2011, defendant posted comments on two additional websites, complaintsboard.com and pissedconsumer.com, stating that plaintiff had been found guilty of fraud in Texas. *Id.* ¶¶ 13-14. Plaintiff alleges that defendant's statements are false and defamatory, and that he "resigned in lieu of discipline from the State Bar of Texas." *Id.* ¶ 18.

On June 27, 2011, plaintiff was named in a lawsuit filed in the U.S. District Court for the Northern District of Texas alleging RICO violations and other Texas state law claims (the "Texas Matter"). *Id.* ¶ 20. Subsequently, defendant allegedly sent "numerous emails" regarding the Texas Matter to plaintiff's business associates "in an attempt to damage plaintiff's business relationships." *Id.* ¶ 21. In addition, defendant uploaded documents related to the Texas Matter to the Internet document repository scribd.com under the user name "evildragonslayer9." *Id.* ¶ 23. According to the FAC, defendant's conduct is part of an "Internet campaign to disparage [plaintiff] with false and malicious statements and cause damage to his reputation." *Id.* ¶ 11.

# II. DISCUSSION

A. **Lanham Act Claim**

    1. **Competitive Injury**

Section 43(a) of the Lanham Act is intended "to protect persons engaged in ... commerce against unfair competition." *Halicki v. United Artists Communications, Inc.*, 812 F.2d 1213, 1214 (9th Cir. 1987). In order to have standing to sue under Section 43(a)'s "false advertising" prong, a plaintiff must allege: (1) commercial injury based upon a misrepresentation about a product, and (2)

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    that the injury was "competitive," or harmful to the plaintiff's ability to compete with the defendant.

2    *Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir. 1995) (citing *Halicki*, 812 F.2d at 1214).  "To be

3    actionable, conduct must not only be unfair but must in some discernible way be competitive."

4    *Halicki*, 812 F.2d at 1214 (no claim under section 43(a) where defendant was not a competitor of the

5    plaintiff); *see also Jack Russell Terrier Network of Northern Ca. v. American Kennel Club, Inc.*, 407

6    F.3d 1027, 1037 (9th Cir. 2005) (same).  The focus of the "competitive injury" inquiry is "whether

7    the statements in issue tended to divert business from the plaintiff to the defendant." *National*

8    *Services Group, Inc. v. Painting & Decorating Contractors of America, Inc.*, No. SACV06-563CJC,

9    2006 WL 2035465, at *4 (C.D. Cal. July 18, 2006).

10       Plaintiff's Lanham Act claim alleges that the purportedly false statements on the Blog,

11   complaintsboard.com and pissedconsumer.com harmed plaintiff's reputation and caused damage to

12   his "business, goodwill, reputation and profits."  FAC ¶ 34.  The FAC, however, fails to allege that

13   plaintiff and defendant are commercial competitors.  Indeed, while the complaint indicates that

14   plaintiff works in the energy and hunting industries, it offers no facts whatsoever describing the

15   nature of defendant's business or the relationship between the parties.  Certainly, the FAC does not

16   assert that the allegedly unlawful statements were intended to divert business from plaintiff to

17   defendant.  *Compare Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th

18   Cir. 1999)  ("[Defendant's agent] sought by his statements to divert business from [plaintiff] to

19   [defendant]. The injury is the type that section 43(a) of the Lanham Act was intended to remedy.").

20   Without facts showing that plaintiff and defendant are competitors and that the accused statements

21   impacted the parties' ability to compete, plaintiff's claim is not cognizable under the Lanham Act.

22       In plaintiff's sur-reply brief, he alleges for the first time that both parties "operate in the

23   hunting and fishing industries and are each involved with big game hunting ranches in Argentina."

24   Dkt. No. 34 at 8.  Such allegations are not properly before the court on a motion to dismiss under

25   Rule 12(b)(6).  *See Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In

26   determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to

27   a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to

28   dismiss.").  Furthermore, even if the parties "operate" in the same market, it is not clear that

1    allegedly unlawful comments concerning plaintiff's law practice could harm his ability to compete

2    with defendant in the Argentine big game hunting market.  The court therefore finds that the FAC

3    fails to allege competitive injury as required to have standing under Section 43(a) of the Lanham

4    Act.

5           **2.**        **Commercial Advertising or Promotion**

6        Defendant also argues that his statements are not actionable under the Lanham Act because

7    they are not "commercial advertising or promotion" within the meaning of Section 43(a).  *See* 15

8    U.S.C. § 1125(a)(1)(B).  To constitute "commercial advertising or promotion" under the Lanham

9    Act, a statement must be: (1) commercial speech, (2) by a defendant who is a commercial competitor

10    of the plaintiff, (3) for the purpose of inducing customers to buy defendant's goods or services, and

11    (4) disseminated sufficiently to the relevant purchasing public to constitute "advertising" or

12    "promotion" within the industry.  *Coastal Abstract Service, Inc.*, 173 F.3d at 735.  The statement

13    need not be made in a "classic advertising campaign," and may consist of less formal types of

14    "promotion."  *Id.*

15        As noted above, the FAC does not allege that plaintiff and defendant are commercial

16    competitors, nor that defendant's statements were made for the purpose of inducing customers to buy

17    defendant's goods or services.  Moreover, the complaint fails to show that defendant's statements are

18    "commercial speech" as defined under First Amendment doctrine.  *See Proctor & Gamble v.*

19    *Haugen*, 222 F.3d 1262, 1274 (10th Cir. 2000) ("[T]he meaning of 'commercial speech' in the

20    context of § 43(a)(1)(B) of the Lanham Act tracks the First Amendment 'commercial speech'

21    doctrine.").  The Supreme Court has set forth three factors relevant in determining if a statement is

22    commercial speech: "(1) whether the statements are in a typical advertising format; (2) whether the

23    statements refer to a commercial product; and (3) whether the defendant had an economic or

24    commercial motivation for making the statements."  *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d

25    1090, 1111 (C.D. Cal. 2004) (citing *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66–68

26    (1983)).  While all factors need not be present for speech to be commercial, no one factor is itself

27    sufficient. *New.Net, Inc.*, 356 F. Supp. 2d at 1111.  "Although the boundary between commercial and

28    non-commercial speech has yet to be clearly delineated, the core notion of commercial speech is that

United States District Court

For the Northern District of California

1  it does no more than propose a commercial transaction." *Nissan Motor Co. v. Nissan Computer*

2  *Corp.*, 378 F.3d 1002, 1017 (9th Cir. 2004).

3      The FAC indicates that the allegedly unlawful statements were made in the form of negative

4  "comments" on the websites pissedconsumer.com and complaintsboard.com, as well as blog posts

5  on the website blogspot.com.  FAC ¶¶ 12-14.  Plaintiff argues defendant's statements are

6  "commercial speech" simply because they were made on "commercial websites."  Dkt. No. 34 at 9.

7  The court does not understand the definition of commercial speech to be so broad.  First, plaintiff

8  cites no authority supporting his position that pissedconsumer.com, complaintsboard.com, or the

9  Blog are "commercial websites," nor that all statements made on such websites are "commercial

10  speech."  Furthermore, in general, "negative commentary ... does more than propose a commercial

11  transaction and is, therefore, non-commercial."  *Nissan Motor Co.*, 378 F.3d at 1017 (finding that

12  links on the website nissan.com, which was owned by Nissan Computer, to disparaging content

13  about Nissan Motor Company were not commercial speech and therefore entitled to full protection

14  under the First Amendment).  Finally, the allegations do not suggest that defendant's statements were

15  advertisements for a product or service, nor that they proposed commercial transactions or were

16  motivated by defendant's commercial interests.  *Compare Bolger*, 463 U.S. at 66–68.  Accordingly,

17  the court finds that the FAC does not show that the accused statements constitute "commercial

18  speech," and therefore fails to state a claim under the Lanham Act.

19  **B.    State Law Claims**

20      Dismissal of the Lanham Act claim leaves the complaint devoid of any federal causes of

21  action.  As such, no federal question jurisdiction remains under 28 U.S.C. § 1331.  Given the early

22  stage of the litigation, the court declines to exercise supplemental jurisdiction over plaintiff's state

23  law claims.  *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)

24  ("When the single federal-law claim in the action was eliminated at an early stage of the litigation,

25  the District Court had a powerful reason to choose not to continue to exercise jurisdiction.").

26  **C.    Leave to Amend**

27      Dismissal with prejudice is appropriate only where the complaint cannot be saved by any

28  amendment.  *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007).  "Facts raised for

**United States District Court**
For the Northern District of California

1  the first time in plaintiff's opposition papers should be considered by the court in determining

2  whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam v.*

3  *Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (citing *Orion Tire Corp. v. Goodyear Tire & Rubber*

4  *Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001)).

5      Here, plaintiff alleged that he and defendant are competitors in the Argentine big game

6  hunting market for the first time in his sur-reply brief.  Because such allegations, along with

7  additional facts showing that the allegedly unlawful statements are commercial speech, may give

8  rise to a claim under the Lanham Act, the court grants plaintiff leave to amend his complaint within

9  thirty days of the date of this order.[1]  Given that defendant's motion to dismiss is granted under Rules

10  12(b)(6) and 12(b)(1), the court does not reach the question of whether defendant has consented to

11  personal jurisdiction under Rule 12(b)(2).

### III.  ORDER

14      For the foregoing reasons, the court grants defendant's motion to dismiss without prejudice.

15  Plaintiff may file an amended complaint within thirty days of the date of this order.

16  DATED:      February 16, 2012

RONALD M. WHYTE

United States District Judge

---

[1]      Because the court grants plaintiff's motion to dismiss, the motion to strike defendant's sur-reply is denied as moot.  *See* Dkt. No. 39.