**E-FILED on**   9/11/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DON BERNARD, an individual,<br><br>      Plaintiff,<br><br>    v.<br><br>ROBERT DONAT, DOES 1-5, individuals,<br><br>      Defendants. | No. 11-cv-03414-RMW<br><br>ORDER DENYING MOTIONS FOR SANCTIONS<br><br>**[Re Docket Nos. 56, 62]** |

      On May 25, 2012, plaintiff Don Bernard ("plaintiff") voluntarily dismissed his Second Amended Complaint ("SAC") for trademark infringement, false advertising and intentional interference with economic advantage without prejudice. The court had previously dismissed plaintiff's first amended complaint, but given him leave to amend in order to allege facts showing that he and defendant Robert Donat ("defendant") were commercial competitors. *See* Dkt. No. 47.

      On May 29, 2012, defendant, who is *pro se*, filed a motion for sanctions under Fed. R. Civ. P. 11, arguing that the SAC: (1) was filed in order to harass defendant for his participation as a witness in an unrelated court proceeding involving plaintiff; (2) is legally deficient; and (3) contains false statements. *See* Dkt. No. 56. Defendant seeks recovery of the costs associated with the defense of this case and dismissal of plaintiff's claims with prejudice.

1   On June 26, 2012, plaintiff responded with his own motion for sanctions, contending that
2 defendant's sanctions motion was frivolous because it was filed after the dismissal of the SAC and
3 was intended simply to recover defense costs, rather than to "deter future baseless filings." Dkt. No.
4 9 at 9 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

5   The court denies both motions. Rule 11 requires a party seeking sanctions to serve its
6 motion on the opposing party 21 days before submitting it to the court. *See* Fed. R. Civ. P. 11(c).
7 This requirement is intended to provide a "safe harbor" to withdraw or correct a challenged filing.
8 *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). Here, it appears that defendant notified
9 plaintiff of his intent to seek sanctions on May 8, 2012, seventeen days before plaintiff voluntarily
10 dismissed the SAC. *See* Dkt. No. 57-1 (Barker Decl.) ¶ 11. Because the allegedly offending
11 pleading was withdrawn during the safe harbor period, granting defendant's motion for sanctions
12 would thwart the purpose of Rule 11. *Cf. Barber*, 146 F.3d at 710 (motion for sanctions filed after
13 complaint was dismissed must be denied because the safe harbor period is intended to allow a party
14 to "withdraw the offending pleading and thereby escape sanctions"); *Radcliffe v. Rainbow Constr.*
15 *Co.*, 254 F.3d 772, 788 (9th Cir. 2001) (party that failed to serve its opponent with sanctions motion
16 at least 21 days in advance not entitled to sanctions). Accordingly, defendant's motion is denied.

17   On the other hand, defendant's filing of the motion for sanctions after dismissal of the SAC
18 does not appear to violate Rule 11 or any other rule. Moreover, the court finds that there is at least
19 some evidence that plaintiff's allegations, while probably not sanctionable, are not particularly
20 legitimate either.[1] In other words, defendant's sanctions motion is not entirely without merit. The
21 court thus denies plaintiff's motion for sanctions, and cautions plaintiff that if he files another
22 complaint against defendant and it does not comply with Rule 11, the court will more seriously
23 consider imposing sanctions at that time.

---

[1] For example, defendant included materials with his Second Amended Motion for Sanctions, Dkt. No. 46, which appears to have been amended by the present motion, suggesting that plaintiff and his counsel are walking a thin line in alleging that plaintiff was not "convicted" for violations of the Texas Rules of Professional Conduct or for fraud. In addition, the court questions plaintiff's allegations regarding personal jurisdiction.

ORDER DENYING MOTIONS FOR SANCTIONS
No. 11-cv-03414-RMW
EDM                               2

1  This order does not preclude defendant, as the prevailing party, from filing a motion for costs
2  under Fed. R. Civ. P. 54(d) if he can show good cause why he did not comply with the 14-day
3  limitations period proscribed by Civil Local Rule 54.
4  It is so ordered.

6  DATED:     September 11, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING MOTIONS FOR SANCTIONS
No. 11-cv-03414-RMW
EDM                                  3